UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 23-60905-CIV-CANNON/Hunt

**TRE' S JON JOHNSON**,

    Plaintiff,

v.

**HIRE QUEST, L.L.C.** and
**ASHLEY ROBERTS,**

    Defendants.

_____/

**ORDER IN ACTIONS BROUGHT UNDER THE FAIR LABOR STANDARDS ACT**

**THIS MATTER** comes before the Court upon a sua sponte review of the record. The Complaint in this action is filed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). In order to assist the Court in the management of this case, and in an effort to foster early and cost-effective resolution, the parties are **ORDERED** to comply with the following procedures:

1. Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff is required to state a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this Rule places only a light burden on a plaintiff, the Court requires complaints filed under the FLSA to include, at a minimum, a statement setting forth the following with respect to each Plaintiff(s):

    a.    An initial estimate of the total amount of alleged unpaid wages;

    b.    A preliminary calculation of such wages;

    c.    The approximate period during which the alleged FLSA violations occurred; and

    d.    The nature of the wages (e.g., overtime or straight time).

CASE NO. 23-60905-CIV-CANNON/Hunt

Plaintiff is directed to file a "Statement of Claim" (and if the Complaint does not contain the foregoing information, an amended complaint that conforms to these requirements), by **June 19, 2023**. Plaintiff shall promptly serve a copy of this Order, the Statement of Claim, and copies of all supporting documents (including time sheets, pay stubs, etc.) upon counsel for Defendant(s) once an appearance has been made or at the time the Statement of Claim is filed (if defense counsel has already appeared). Plaintiff must file a Certificate of Service on the docket confirming service of the foregoing materials in accordance with Rule 5 of the Federal Rules of Civil Procedure.

2. Defendant(s) then shall file a "Response to Plaintiff's Statement of Claim" setting forth in detail any defenses to Plaintiff's claim(s) and serve copies of all supporting documents within **twenty (20) days** of being served with Plaintiff's Statement of Claim.

3. This matter is **REFERRED** for purposes of a settlement conference before Magistrate Judge Patrick M. Hunt, to occur within **twenty-eight (28) days** of Defendant(s) filing its/their Response to Plaintiff's Statement of Claim. Counsel shall confer and contact Magistrate Judge Hunt Chambers prior to the due date for the response by Defendant(s) to Plaintiff's statement of claim in order to schedule the settlement conference. Except as provided under Local Rule 16.2.E, the appearance of counsel and each party, or representatives of each party with full authority to enter into a full and complete settlement, is mandatory. Appearance shall be in person; telephonic or videoconference appearance is prohibited absent court order. All discussions, representations, and statements made at the settlement conference shall be confidential and privileged. If the case is settled at the settlement conference, counsel shall promptly notify the Court by filing a notice of settlement signed by counsel of record for all parties within **seven (7) days** of the conference.

CASE NO. 23-60905-CIV-CANNON/Hunt

4.  In the event the settlement conference is unsuccessful, all parties are required to participate in subsequent mediation, which shall take place by the deadline contained in the Court's Scheduling Order, entered separately.

5.  Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions, including but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 17th day of May 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record